UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODOLFO ANTONIO ORTEGA,<br><br>Defendant. | Case No. 1:14-cr-00230-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant's motion for clarification of sentence imposed (Dkt. 44). Also before the Court is a "supplement" filed by Defendant that will be construed as a motion for compassionate release (Dkt. 45). For the reasons discussed below, both motions are DENIED.

# ANALYSIS

### A. Request for Clarification

Defendant states in his motion for clarification that he is seeking to clarify for the U.S. Bureau of Prisons the sentence imposed in this case (Dkt. 44).

MEMORANDUM DECISION AND ORDER - 1

Defendant was sentenced on September 25, 2015, to 120 months of imprisonment to be served concurrently with Defendant's term of imprisonment in the District Court for Twin Falls County Idaho case number CR-2009-1974. (Dkt. 39). At the time of sentencing in this federal case, Defendant was in the custody of the state serving the state sentence.

According to the Idaho Department of Corrections website, Defendant was paroled to federal detainer on June 1, 2016. *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/94148?last_page= (accessed 3/31/2021). The information provided by Defendant with his motion indicates that the U.S. Bureau of Prisons (BOP) determined that Defendant's sentence began to run on September 25, 2015 and that the full term date of release is September 24, 2025 (*see* Dkt. 44-2). This full term accurately reflects the 120 month sentence imposed by the court that began on September 25, 2015, and that BOP calculated Defendant's sentence to run concurrent to his state sentence. Thus, there is no need for clarification and Defendant's request for clarification is accordingly denied.

### B. Request for Modification of Sentence

Defendant appears to also be asking for modification of the sentence imposed by the Court. To the extent Defendant is seeking modification of his sentence, the request will be denied.

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). An exception to this general prohibition is provided by 18 U.S.C. § 3582(c), which allows modification only in the following circumstances: (1) if the Director of the BOP, or the defendant after exhausting administrative remedies, moves for a reduction in the term of imprisonment either (a) due to extraordinary and compelling reasons (the "compassionate release" provision), or (b) because the defendant is at least 70 years old, has served at least 30 years in prison, and is no longer a danger to the safety of the community; (2) if modification of the sentence is expressly permitted under Rule 35 of the Federal Rules of Criminal Procedure; or (3) it the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

Here, there is no evidence or claim that Defendant is at least 70 years old (he is only 35 years old). Nor is there any evidence or argument that modification of his sentence is permitted under Rule 35 of the Federal Rules of Criminal Procedure, or that the applicable sentencing range has subsequently been lowered. *See* 18 U.S.C. § 3582(c)(1)(A)(ii), (B) and (c)(2). Thus, the only remaining basis for Defendant's request for modification of his sentence is the "compassionate

MEMORANDUM DECISION AND ORDER - 3

release" provision of § 3582(c)(1)(A)(ii). However, as discussed below, Defendant has not shown that he qualifies for that provision.

### C. Request for Compassionate Release

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). To satisfy this exhaustion requirement, the defendant must show that, prior to filing his motion, he or she "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." *Id.*

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id*. Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07

(9th Cir. 1998)).

Here, Ortega has not argued, nor provided any evidence, that he has requested compassionate release from the Warden of his facility. Therefore, he has not exhausted his remedies as required by § 3582(c)(1)(A) and his motion is not properly before the Court. Further, Ortega has not addressed the § 3553(a) factors, nor provided any extraordinary and compelling reasons warranting his release. Accordingly, to the extent Ortega is seeking compassionate release, his motion is denied without prejudice. He may file a new motion after he exhausts his remedies as required under § 3582(c)(1)(A)

### D. Challenge to BOP's Determination of Good Time Credit

Finally, to the extent Defendant seeks to challenge the BOP's determination of good time credit, he is challenging the execution of his sentence by the BOP and not the sentence itself. This challenge must be brought through a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where he is incarcerated. *See* 28 U.S.C. § 2241.

### ORDER

**IT IS ORDERED that** Defendant's Motion for Clarification (Dkt. 44), and supplement, which the Court has construed as a motion for compassionate release (Dkt. 45), are **DENIED**.

DATED: April 2, 2021

_____
B. Lynn Winmill
U.S. District Court Judge